IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM ZULESKI,
HOWARD LEON POWELL, JR.,
MADISON PAYETTE,
Individually and as Representatives of a
    Proposed Class on Behalf of Themselves
    and Others Similarly Situated,

                Plaintiffs,

v.                                    CIVIL ACTION NOS. 2:05-0880
                                                  2:05-0881
                                                  2:05-0882

HARTFORD ACCIDENT AND INDEMNITY CO., et al.,

                Defendants.

**ORDER**

Defendants removed Plaintiffs' action to his Court in June 2005. On October 24, 2005, this Court ordered this action remanded to state court. On that same date, the order was entered on the docket. Pursuant to that order, the Clerk's office was supposed to send a certified copy of the order and the file to the Circuit Court Clerk in Kanawha County. Apparently, the Circuit Court Clerk did not receive the order and file until November 10. On November 1, this Court and Defendants became aware that the nondiverse party Plaintiff passed away. On November 4, Defendants again removed the case on the grounds that complete diversity now exists. Plaintiffs claim that this removal is defective because the state court never retained jurisdiction over the case since a certified copy of the remand order and the file were not received by the state court until after the second removal by the Defendants. The Court disagrees.

As previously noted by this Court, a district court is divested of jurisdiction upon the entry of its remand order under 28 U.S.C. §1447. *See* Order on Motion to Stay (Nov. 2, 2005), citing *In re Lowe*, 102 F.3d 731, 735 (4th Cir. 1996). As soon as the district court is divested of jurisdiction, the state court regains jurisdiction. The language of section 1447 expressly refers to an "order remanding a case to the State court," suggesting that the remand order automatically restores state jurisdiction. *See* 28 U.S.C. §§ 1447(d). Contrary to Plaintiffs suggestion, there is no procedural limbo. The fact that the order and case file were not physically present in the state clerk's office does not mean that the state court lacked jurisdiction. Therefore, the state court retained jurisdiction upon entry of the remand order on October 24, and the Defendants were able to remove the case on November 4. This Court **FINDS** that as of November 4, 2005, it retained jurisdiction over these proceedings and any future motions.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 14, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE